UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-382 |
| JAMES SENTIMORE | SECTION "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that James Sentimore's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #40) is **DENIED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender's Motion to Withdraw as Counsel of Record (Doc. #49) is **GRANTED**.

This matter is before the court on James Sentimore's motion to vacate, set aside or correct his sentence brought under 28 U.S.C. § 2255. Sentimore argues that under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), the career offender sentencing enhancement of U.S.S.G. § 4B1.1 no longer applies and he is entitled to have his sentence vacated.

On May 25, 2005, Sentimore pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2. The presentence investigation report showed that Sentimore had an extensive criminal history, which included convictions for attempted armed robbery, armed robbery, and bank robbery. The government did not charge Sentimore under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] However, the court applied U.S.S.G. § 4B1.1 and 4B1.2, which have language similar to the ACCA.

---

[1] The ACCA provides for a mandatory minimum sentence of 15 years of imprisonment when a defendant has three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as any crime punishable by imprisonment for a term of more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

1

U.S.S.G. § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or is a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

"Crime of violence" is defined in U.S.S.G. § 4B1.2(a) as:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - -
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Comment Note 1 to U.S.S.G. § 4B1.2 provides that "crime of violence" incudes robbery.

Sentimore had prior convictions for attempted armed robbery, armed robbery, and bank robbery. Thus, he had at least two prior convictions that qualified as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2), indicating that the enhancement in U.S.S.G. § 4B1.1 applied.

Under the sentencing guidelines, Sentimore's total offense level was 31, and his criminal history category was VI, which resulted in a sentencing range of 188 to 235 months imprisonment. On August 24, 2005, Sentimore was sentenced to 188 months imprisonment as to all counts to be served concurrently.

---

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

Id. at § 924(e)(2)(B).

In 2015, the Supreme Court of the United States held that the residual clause of the ACCA, which provided that "violent felonies" include crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague because it did not give ordinary people fair notice of the conduct that it punished and "invite[d] arbitrary enforcement by judgment." Johnson, 135 S.Ct. at 2557. On June 22, 2016, Sentimore filed the instant § 2255 motion arguing that, under Johnson, the residual clause of U.S.S.G. § 4B1.2(a)(3), which provides that a "crime of violence" for the purposes of U.S.S.G. § 4B1.1 includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another[,]" is unconstitutionally vague, and that he no longer qualifies as a career offender under U.S.S.G. § 4B1.1.

On October 24, 2016, this court granted Sentimore's unopposed motion to hold his § 2255 motion in abeyance pending the decision of the Supreme Court of the United States in Beckles v. United States, Docket No. 15-8544. Two of the issues on which the petition for writ of *certiorari* was granted in Beckles directly impact Sentimore's motion: (1) whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2); and, (2) whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review.

On March 6, 2017, the Supreme Court of the United States issued its opinion in Beckles, 137 S.Ct. 886 (2017). The Court held that Johnson does not apply to the residual clause in U.S.S.G § 4B1.2(a)(2) because the United States Sentencing Guidelines are advisory and are not subject to vagueness challenges under the Due Process Clause. Beckles, 137 S.Ct. at 890. The holding in Beckles directly applies to Sentimore's claims. Therefore, Sentimore's § 2255 motion is DENIED.

3

New Orleans, Louisiana, this  18th  day of May, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**