UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 04-382** |
| **JAMES SENTIMORE** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release** (Rec. Doc. 52, 55[1]) is **DENIED**.

### BACKGROUND

On May 25, 2005, defendant James Sentimore pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2. The presentence investigation report showed that Sentimore had an extensive criminal history, which included convictions for attempted armed robbery, armed robbery, and bank robbery. Under the sentencing guidelines, Sentimore's total offense level was 31, and his criminal history category was VI, which resulted in a sentencing range of 188 to 235 months imprisonment. On August 24, 2005, Sentimore was sentenced to 188 months imprisonment as to all counts, to be served concurrently. Defendant is currently housed at FCI Pollock and has served approximately 92 months of his sentence. His projected release date is April 19, 2035.

---

[1]Defendant has filed two documents, both captioned "Motion for a Compassionate Release Sentence Reduction" that are nearly identical. The court has considered them together, as well as the letters in support submitted by defendant's mother, brother, and sister. Rec. Doc. 54.

In the instant motion, defendant seeks a reduction in sentence/compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), arguing that due to his medical condition, he is especially vulnerable to COVID-19, and therefore has an extraordinary and compelling reason warranting compassionate release. The medical conditions he points to are nerve pain, recurrent leg ulcers, morbid obesity, and that he is immunocompromised. The government opposes the motion, arguing that while defendant's obesity makes him especially vulnerable, a weighing of the factors provided in 18 U.S.C. § 3533 require that his request be denied.

## DISCUSSION

Defendant seeks compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Exhaustion Requirement*

The Fifth Circuit has recently clarified that the requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, —F.3d---, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020). As such, it is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In the present case, defendant's request to the warden was denied in a letter that advised him that he could appeal the decision by pursuing an Administrative Remedy via Form BP-9. Rec. Doc. 52. While the record does not reflect that defendant appealed the denial, the government has submitted that it considers the administrative request process exhausted. Thus, the court considers the government to have waived any unsatisfied exhaustion requirement. Accordingly, the court addresses the merits of defendant's motion.

*Merits Discussion*

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community. . . ." U.S.S.G. § 1B1.13.

**1. No extraordinary and compelling circumstances are present.**

General COVID-19 concerns are not an extraordinary and compelling reason that provide a basis for compassionate release. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Rather, in cases in which a defendant cites a medical condition as a basis for compassionate release, the relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or a "serious physical or medical condition" that "substantially diminishes the ability

3

of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A).

In this case, defendant's medical records reflect that he has had leg ulcers, edema, and back and leg pain, which have been appropriately treated in prison (with prescriptions, compression socks, and Tylenol for pain). Rec. Doc. 56, Exh. A. There is no documentation of immunocompromise, and his February 2020 blood work, which included a white blood count, is normal with the exception of slightly high potassium. Id. The records do reflect that defendant is morbidly obese, and has been counseled by prison medical staff concerning this.

However, while obesity is an underlying medical condition that results in an increased risk of severe illness from COVID-19,[2] numerous courts have found that obesity does not warrant compassionate release. See, e.g., United States v. Gheith, 2020 WL 5850162, at *4 (E.D. La. Oct. 1, 2020), reconsideration dismissed sub nom. United States of America V. Naser Yousef Gheith, 2020 WL 7389277 (E.D. La. Dec. 16, 2020); United States v. Brumfield, 2020 WL 4747710, at *5 (E.D. La. Aug. 17, 2020); United States v. Gordon, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release of an obese defendant, because obesity "is not a condition so [extraordinary] that injustice would result if the relief is not granted"); United States v. Whiteman, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (denying compassionate release of a defendant with obesity and hypertension; United States v.

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%%203A%%202F%%202Fwww.cdc.gov%%202Fcoronavirus%%202F2019-ncov%%202Fneed-extra-precautions%%202Fgroups-at-higher-risk.html. (Consulted on 12/22/20).

Takewell, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020) (denying compassionate release because defendant's "obesity and hypertension are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary"). Defendant's obesity does not rise to the level of an ordinary and compelling circumstance that would justify his early release.

In addition, even if the court were to find that defendant's medical condition was extraordinary and compelling, the condition must also be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). In this case, there is no suggestion that defendant is presently unable to take care of himself within the confines of his facility. Nor has he demonstrated that BOP cannot manage his medical condition appropriately. To the contrary, a review of defendant's medical records reflects that the BOP is adequately and competently administering the necessary care for the defendant. Accordingly, defendant's medical condition does not warrant compassionate release.

**2. Title 18 U.S.C. § 3553 considerations do not support a sentence reduction.**

Even if defendant could establish an extraordinary and compelling circumstance due to his medical condition, consideration of the applicable section 3553 factors do not support a sentence reduction. The section 3553 factors applicable to this case are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct; [and]

        (C) to protect the public from further crimes of the defendant; and

. . . .

    (5)    any pertinent policy statement. . . .

18 U.S.C. § 3553(a)

Defendant is incarcerated for multiple armed bank robberies, and his criminal history reflects that he was previously convicted of five felonies between state and federal court. He has served only half of his sentence. The nature and circumstances of the offense and the history and characteristics of the defendant demonstrate that a reduction in sentence would be inappropriate. Further, a reduction of defendant's sentence would not adequately deter criminal conduct or protect the public from further crimes of the defendant. Accordingly, for all of the foregoing reasons,

**3. The court lacks authority to designate defendant for home confinement.**

To the extent defendant's motion may be construed as a request that he be designated for home confinement, it is the BOP, not the court, that designates the place of defendant's imprisonment. See 18 U.S.C. § 3261(b). The court recognizes that the CARES Act, enacted on March 27, 2020, provides that "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L.116-136, § 12003(b)(2). Further, on April 3, 2020, the Attorney General

declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP director now has authority to grant home confinement to a larger grouper of prisoners.[3] However, these provisions do not alter the fact that the authority to designate home confinement of a prisoner rests solely in the discretion of the BOP. If anything, the BOP's unique awareness of the COVID-19 situation in its facilities, and the practices put in place to address it, reinforce the conclusion that the BOP is uniquely qualified to make designation determinations, without interference from the court.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release** (Rec. Doc. 52, 55) is **DENIED**.

New Orleans, Louisiana, this 22nd day of December, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[3]See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download.