UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 04-382** |
| **JAMES SENTIMORE** | **SECTION: "S"** |

### ORDER AND REASONS

Before the court is defendant's **Motion for a Compassionate Release Sentence Reduction under 18 U.S.C. 3582(c)(1)(A)**, in which he argues that his medical condition warrants compassionate release. Rec. Doc. 70. Defendant previously filed nearly identical motions, much of which are copied verbatim in the instant motion. Rec. Docs. 52, 55. The court denied the motions. Rec. Doc. 63. The United States Court of Appeals for the Fifth Circuit dismissed defendant's appeal of this ruling for want of prosecution. Rec. Doc. 69.

In denying defendant's prior motions, the court found that defendant's medical condition did not constitute an extraordinary and compelling reason providing a basis for compassionate release. The court also determined that defendant's condition did not "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility. . . .", and thus compassionate release was inappropriate. See, U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). In addition, noting that the defendant was incarcerated for multiple armed bank robberies, and his criminal history reflects that he was previously convicted of five felonies between state and federal court, and had served only half of his sentence, the court determined that the nature and circumstances of the offense and the history and characteristics of the defendant demonstrate that

a reduction in sentence would be inappropriate. The court found that a reduction of defendant's sentence would not adequately deter criminal conduct or protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a). Finally, the court observed that to the extent defendant's motion could be construed as a request that he be designated for home confinement, it is the BOP, not the court, that designates the place of defendant's imprisonment. See 18 U.S.C. § 3261(b).

In the present motion, the only new information provided is that defendant contracted and recovered from COVID-19 (though he continues to experience brain fog), that he has received two COVID-19 vaccinations, and that he now suffers from an enlarged prostate, which causes frequent urination. Assuming the truth of these averments, they do not change the court's previous analysis, which is incorporated by reference. Defendant's medical condition does not warrant compassionate release. Accordingly,

**IT IS HEREBY ORDERED** that **Motion for a Compassionate Release Sentence Reduction under 18 U.S.C. 3582(c)(1)(A)** (Rec. Doc. 70) is **DENIED**.

New Orleans, Louisiana, this   8th   day of March, 2022.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE